IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06cr222-WKW |
| | ) | |
| JELA SHERMAKIE MARSHALL | ) | |

### MOTION TO SUPPRESS EVIDENCE

Comes now the Defendant, Jela Shermakie Marshall, by and through undersigned counsel, Kevin L. Butler, and moves this Court for an order suppressing all evidence illegally seized in this case on June 15, 2006, by Opelika Police Officers Barnes and Vikers.

### Facts

Mr. Jela Shermakie Marshall is 22 year old African-American male. On June 15, 2006, Mr. Marshal was the sole occupant driving a 1999 Chevrolet Tahoe pickup truck (the vehicle) within the Opelika, Alabama, city limits. While operating the vehicle, Mr. Marshall was not engaged in any illegal activity. Mr. Marshall was also operating the vehicle in a safe manner and in compliance with all Alabama motor vehicle laws. As it was a warm summer evening, the windows of the vehicle were raised so the air conditioning could cool the car.

Though Mr. Marshall and the vehicle were in compliance with all laws, at 11:00 p.m., at the approximate location of 542 N. Antioch Circle, Opelika, Alabama, Opelika Police Officer Judson Barnes elected to stop the vehicle for violating an Alabama excessive noise statute. However, based upon the discovery provided, Mr. Barnes was never cited for violating this statute.

After approaching Mr. Marshall, based upon a "hunch" he smelled burnt marijuana emitting from within the vehicle, Office Barnes requested a "backup" police officer. However, based upon

the discovery provided, no burnt or burning marijuana was seized from within the vehicle.

Opelika Officer Craig Vickers arrived to assist Officer Barnes. With the assistance of a flashlight, the officers observed what they believed to be packaged marijuana on the back floorboard of the vehicle. Subsequently, Mr. Marshall was arrested, the marijuana (and a firearm) were seized and this prosecution was initiated.

Mr. Marshall moves to suppress the stop of the vehicle.[1]

### Argument

The stop of Mr. Marshall's vehicle was not based upon probable cause or information indicating that he had violated any traffic laws. Therefore, the subsequent stop, search and seizure were improper. The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." Const. Amend IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 88 S.Ct. 507, 514 (1967) (internal citations omitted).

One of those exceptions is the stop of a vehicle. However, police may only stop a vehicle if the totality of circumstances show that there is probable cause to believe occupant(s) have violated the law (i.e. committed a traffic violation or some other offense). *United States v. Arvizu*, 122 S.Ct. 744 (2002). And though a police officer may order an individual out of the vehicle once it is

---

[1] This motion is grounded upon the defense's good faith belief Officer Barnes lacked probable cause to stop the vehicle. Therefore, any subsequent search was constitutionally prohibited. Based upon the discovery provided, the defense is not moving to suppress the search based upon a lack of probable cause for the search (i.e. the officers' reports indicate they observed marijuana in plain view). However, the defense reserves right to raise this issue if evidentiary hearing testimony indicates this reported information is incorrect.

stopped, there must be some legitimate basis (i.e. traffic violation) for the stop of the vehicle. *Wren v. United States*, 517 U.S. 806 (1996); *Pennsylvania v. Mimms*, 434 U.S. 106 (1977).

In this case, there was no justification for the stop. Mr. Marshal was not violating any traffic rules or laws. Additionally, the officers had no cause to believe he was engaged in any illegal conduct. Mr. Marshal's stop was pre-textual. Mr. Marshal was stopped simply so that Officer Barnes could "go fishing" and see if he could find cause to search Mr. Marshall and his vehicle. Mr. Marshall's windows were raised and the music playing within the vehicle was not excessive. In fact, Mr. Marshall was never even cited for the alleged noise infraction. Because the stop was pre-textual and not grounded upon a vehicle infraction or criminal conduct, the subsequent search must be suppressed.

**WHEREFORE,** Mr. Marshall asks that after an evidentiary hearing, this Court enter an order suppressing all evidence seized subsequent to the illegal vehicle stop.

                Respectfully submitted,

                s/ Kevin L. Butler
                KEVIN L. BUTLER
                First Assistant Federal Defender
                201 Monroe Street, Suite 407
                Montgomery, Alabama 36104
                Phone: (334) 834-2099
                Fax: (334) 834-0353
                E-mail: kevin_butler@fd.org
                AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 2:06cr222-WKW |
| | ) | |
| **JELA SHERMAKIE MARSHALL** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Verne Speirs, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138