IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. NO. 3:06-CR-222-WKW |
| | ) | |
| JELA SHERMARKIE MARSHALL | ) | |
| | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

The case is currently pending on the motion to suppress evidence filed by the defendant. The defendant seeks suppression of evidence, specifically all the evidence seized from a 1999 Chevrolet Tahoe driven by the defendant on the night of his arrest. Upon consideration of the motion and the testimony at the evidentiary hearing, the Magistrate Judge RECOMMENDS that the motion be DENIED.

## I. FACTS

Based on testimony at the hearing held on November 30, 2006 and to a preponderance of the evidence,[1] the court finds as follows: Two police officers, Officer Barnes and Officer Vickers, were parked just behind a hilltop in the North Antioch Circle area of Opelika (Tr. 10-12, 14-16, 31-32), whose residents had complained of drivers playing loud music while passing through the area (Tr. 10-11). The defendant drove into the area in a white Chevrolet Tahoe truck. Officer Barnes heard loud music approaching (Tr. 17-18). The truck passed

_____

[1] The court reaches findings of fact at a suppression hearing based on a preponderance of the evidence. *United States v. Beechum*, 582 F.2d 898, 913 n.16 (5th Cir. 1978), *citing Lego v. Twomey*, 404 U.S. 477, 489 (1972).

Barnes and Vickers, and the music was extremely loud and coming from the truck (Tr. 17-18, 45-47).  The truck passed Officer Barnes with its rear windows slightly down (Tr. 18-20).  Officer Barnes pulled the truck over, walked towards the truck and, when he was about six feet away, smelled fresh marijuana (Tr. 21-23).  The rear windows of the truck were open by several inches (Tr. 18-20, 61).  Officer Barnes spoke to the defendant but had trouble hearing the defendant's answers until the defendant turned the music down (Tr. 23, 38-39).  Officer Barnes told the defendant why he was stopped, and the defendant complained that he had just been stopped for that (Tr. 23).  Officer Barnes told the defendant that he smelled marijuana in the truck.  The defendant denied possessing marijuana.  Officer Barnes called Officer Vickers (Tr. 24, 60-61).

Officer Vickers approached the truck and looked through the open window into the back seat.  Officer Vickers saw a large, clear plastic bag containing marijuana (Tr. 58-60).  Officer Vickers showed this bag to Officer Barnes (Tr. 24), who arrested the defendant (Tr. 28). Officer Barnes gave the defendant a citation for violation of the noise ordinance (Tr. 9-10, 28, gov. ex. 7).

## II. DISCUSSION

The defendant's only argument is that the stop of the plaintiff's vehicle was pretextual and thus invalid.[2]  Under *Terry v. Ohio*, 392 U.S. 1, 22 (1968), an officer can stop a suspect if he has a reasonable suspicion that criminal activity may be afoot.  The evidence shows that

---

[2] The defendant suggested that he might challenge the veracity of Officer Vickers' having seen marijuana (Tr. 51-54) but he did not make this challenge.

Officer Barnes had not only a reasonable suspicion, but personal observation, to convince him that whoever was driving the truck was violating the Opelika noise ordinance. Accordingly, the stop was proper.

The defendant offered evidence to suggest that Officer Barnes's testimony was untrue. Specifically, the defendant offered his brother's testimony that when they drove together, they did not play the music loudly, and that he "always had the windows up" due to hot summer weather (implying that the windows were up, and the sound muffled, on the night of the plaintiff's arrest) (Tr. 90-92). However, the defendant's brother was not present on the night of the arrest (Tr. 91, 93), which Officer Barnes described as "warm" (Tr. 62-63). This testimony carries little weight.[3]

The defendant also attempted to introduce evidence that the truck's sound system was incapable of being heard at the distances claimed by Officer Barnes. Specifically, the defendant attempted to offer testimony of an experiment performed by his family and counsel, and to have the court witness a similar experiment near the courthouse on the day of the hearing. The court, using its discretion, refused to consider evidence of the experiment or allow the demonstration (Tr. 98-101, 103-111).

In the case of the defendant's family's experiment, defense counsel stated that the truck windows were closed during that experiment (Tr. 107). The court finds, based on the

---

[3] The defendant's brother's testimony that the stereo system was "weak" and could not be heard at a distance also conflicted with his testimony that it could hurt the listener's ears if turned up too loudly (Tr. 89-92, 96).

police officers' testimony, that the back windows were not closed on the night of the arrest. Thus, the lay opinions being offered would not be helpful to determining a fact in issue, particularly in the absence of evidence (or opportunity for the government to investigate and argue the need for) expert testimony as to whether sound would have carried as well on the day of the experiment as on the night of the arrest.[4]  The evidentiary value of this experiment is further reduced by the lack of objective records, neutral testimony, and government representation.

With respect to the proposed demonstration, the probative value of a practical demonstration can outweigh its prejudicial effect[5] if the circumstances of the demonstration are substantially similar to those of the actual event. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 424-25 (4th Cir. 1996); *Jackson v. Fletcher*, 647 F.2d 1020, 1027 (10th Cir. 1981). In this case, the court lacked evidence that the acoustics at the time and place of arrest resembled those of downtown Montgomery on the day of the proposed demonstration.  The probative value of any demonstration was reduced by its "surprise" nature; the government had no opportunity to determine whether the vehicle's sound system was in the same condition on the day of the demonstration as on the day of arrest, or to bring other contrary

---

[4] *See* Rule 701(b),(c), *Federal Rules of Evidence.* Under F.R.E. 1101(d)(1), the Rules do not apply at suppression hearings.  *United States v. Matlock*, 415 U.S. 164, 172-73 (1974).  However, the principles and concerns governing the rules still inform the court's consideration of the evidence offered. *United States v. Woods*, 2006 WL 2338167 at *7 n.11 (M.D. Ala., Aug. 10, 2006).  The 1972 Advisory Committee notes to that rule state that it "retains the traditional objective of putting the trier of fact in possession of an accurate reproduction of the event" – which an experiment with closed windows would not have provided the court.

[5] See F.R.E. 403 and note 4 *supra.*

4

arguments (and evidence) to the court's attention. Furthermore, using a truck stereo to make loud noises in the vicinity of the courthouse would itself violate section II.C.1. of Ordinance 69-2001 of the City of Montgomery. This the court will not permit.

The court has not ruled that there is no valid way for a defendant to demonstrate that a four-speaker truck stereo in working order[6] is incapable of producing extremely loud sounds that can be heard over 200 feet away. However, "surprise" live demonstrations and ex parte lay experiments under materially different circumstances are not among those means.

At the hearing, the defendant also argued that the officers' stop of his vehicle was pretextual because of their intent to placate the local residents who were complaining about loud noise (Tr. 46-47, 118-19). However, this is not pretext. As conceded by the defense, the validity of the ordinance is not in question (Tr. 115-17). The police are free to enforce valid ordinances, even (perhaps especially) in response to complaints by citizens. The defendant's suggestion that Officers Barnes and Vickers wanted to "make an example" of anyone who passed through the area, whether he was violating the ordinance or not, is unsupported by the evidence.

### III. CONCLUSION.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

---

[6] The defendant's father and brother testified that all four speakers were in working order (Tr. 72-73, 79, 92), and his brother testified that the stereo could be played loudly enough to cause pain (Tr. 88-92).

defendant's motion to suppress be DENIED.

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing or transmittal to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of December, 2006.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE