IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06cr222-WKW |
| | ) | |
| JELA SHERMAKIE MARSHALL | ) | |

**MOTION TO WITHDRAW PLEA**

Comes now the Defendant, **JELA SHERMAKIE MARSHALL**, by and through undersigned counsel, Kevin L. Butler, and moves this Court for an order allowing him to withdraw his plea. As a result of ineffective assistance of counsel, Mr. Marshall's plea of guilty was not knowing or voluntary.

**Discussion**

On June 15, 2006, a vehicle driven by Mr. Marshal was stopped by police. After a vehicle stop, approximately two (2) pounds of marijuana and a firearm were found within the vehicle. Mr. Marshal was charged by federal indictment with: Count 1- possession with intent to distribute marijuana in violation of 18 U.S.C. § 841(a)(1); Count 2 - possessing a firearm in connection with a felony offense (i.e. the marijuana possession/distribution) in violation of 18 U.S.C. § 924(c); and Count 3 - being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

Discovery was timely provided. After undersigned counsel's review of the charges, the discovery provided and information from the defense investigation, he determined that (a) there was a good faith basis to challenge the search of the vehicle and (b) if convicted of Count 2, Mr. Marshal was facing a mandatory five (5) years in custody. See 18 U.S.C. § 924(c)(1)(A)(I). However, undersigned counsel erroneously determined that under the United States Sentencing Guidelines the

corresponding penalties for Counts 2 and 3 would at "worst" result in an offense level of 10 because the marijuana seized, <u>not the felon in possession charge</u>, would control the guideline calculation. This belief was based upon counsel's belief that use of the firearm for both the 924(c) charge and the 922 charge would be "double counting". Undersigned counsel believed that Mr. Marshal's criminal history would be III or IV. Assuming Mr. Marshal received acceptance of responsibility, the resulting penalty ranges for Counts 1 and 3 would be 6-12 months or 10-16 months.

Undersigned counsel then met with Mr. Marshal. At this initial meeting, Mr. Marshal expressed a desire to resolve the case quickly through a negotiated plea. However, as a result of undersigned counsel's erroneous calculation of the potential penalties, at this meeting undersigned counsel informed Mr. Marshal there was no "down side" to challenging the search of the vehicle. If the suppression motion was filed, (1) the government may be willing to dismiss the 924(c)(1)(A)(I), charge in a negotiated plea, (2) if the government didn't agree to dismiss the 924(c)(1)(A)(I), there was the possibility that the suppression motion would be successfully litigated and the evidence would be suppressed and (3) if we lost the suppression motion and entered a plea to the charges, the penalty range would be 66 months [5 years for the 924(c)(1)(A)(I) + 6 months (for marijuana] to 76 months [5 years for the 924(c)(1)(A)(I) + 16 months (for marijuana)]. Based upon the erroneous advise of counsel, Mr. Marshal agreed to challenge the vehicle search.

After the suppression motion was filed, the government declined to dismiss the 924(c)(1)(A)(I) charge. After the suppression hearing, the court upheld the search of the vehicle. As the government would not dismiss Count 2 [i.e. the 924(c)(1)(A)(I)], undersigned counsel further erroneously advised Mr. Marshal that there was no need for a plea agreement or plea negotiations as he could not receive a sentence of greater than 76 months. A plea agreement would simply outline that which the United States Sentencing Guidelines required, he would be required to waive appeal

and under the guidelines he could not received a sentence greater than 76 months. Based upon the erroneous advice of counsel, Mr. Marshal agreed that no further plea negotiations should be conducted.

On January 1, 2007 Mr. Marshal entered a plea of guilty to all charges.

On February 23, 2007, the United States Probation Office (USPO) informed all parties that in addition to the 60 month penalty for Count 2 - the 924(c)(1)(A)(I), pursuant to U.S.S.G. § 3D1.1 Mr. Marshal's sentence would be increased using U.S.S.G. § 2K2.1 instead of 2D1.1. Based upon Mr. Marshal's criminal history category of III, the resulting penalty range would be 93 to 101 months. Based upon information contained in the Presentence Investigation Report, undersigned counsel has erroneously counseled Mr. Marshal from the initial moments of his representation of Mr. Marshal. As a result, all case related decisions have been grounded upon an incorrect premise.

As Mr. Marshal did not receive effective representation of counsel regarding the nature and consequences of his plea of guilty, the effect and ramifications of challenging case matters, or the ramification of failing to proceed forward with plea negotiations, he could not knowingly and intelligently make decisions regarding case strategy or the propriety and consequence of entering an "open" plea of guilty in this case. Therefore, he should be allowed to withdraw his plea and new counsel appointed to represent him.

**WHEREFORE,** Mr. Marshall asks that he be allowed to withdraw his plea and new counsel appointed to represent him in future proceedings.

    Respectfully submitted,


    s/ Kevin L. Butler
    KEVIN L. BUTLER
    First Assistant Federal Defender
    201 Monroe Street, Suite 407
    Montgomery, Alabama 36104
    Phone: (334) 834-2099
    Fax: (334) 834-0353
    E-mail: kevin_butler@fd.org
    AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 2:06cr222-WKW |
| | ) | |
| **JELA SHERMAKIE MARSHALL** | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Verne Speirs, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138