IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>JELA SHERMARKIE MARSHALL    ) | CR. NO. 03:06cr222-WKW |

MOTION IN OPPOSITION TO JELA SHERMARKIE MARSHALL'S
MOTION TO WITHDRAW PLEA

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court deny Defendant's Motion To Withdraw Plea. As grounds in support of this Response, the United States sets forth the following:

FACTS

The United States adopts the general facts of this case as outlined in Marshall's Motion to Withdraw Plea. The United States would note, however, that Marshall did not enter into a written plea agreement with the United States. Rather, Marshall entered into a "blind" plea.

Moreover, on January 5, 2007, Marshall entered his plea to all counts of the indictment. At the change of plea hearing, Marshall was advised by United States Magistrate Judge Wallace Capel, Jr., pursuant to Rule 11(b), Federal Rules of Criminal Procedure, regarding the maximum possible penalty, including imprisonment, fine, and term of supervised release. Marshall was also advised of the court's obligation to apply the sentencing guidelines, and the court's discretion to depart from those guidelines under some circumstances.

ANALYSIS

Marshall's ability to withdraw his plea is governed by Rule 11(d), Federal Rules of Criminal Procedure. According to that Rule, once the plea has been accepted (and before sentencing) the defendant can withdraw his plea only if he "can show a fair and just reason for requesting the withdrawal." In determining whether the defendant has met his burden of "a fair and just reason" the court may consider the totality of the circumstances surrounding the plea. The discretion to allow withdrawal of a guilty plea is left to the sound discretion of the trial court and may be reversed only if it is arbitrary or unreasonable. United States v. Cesal, 391 F.3d 1172, 1179 (11th Cir. 2004); United States v. McCarty, 99 F.3d 383 (11th Cir. 1996); United States v. Johnson, 89 F.3d 778 (11th Cir. 1996); United States v. Buckles, 843 F.2d 469 (11th Cir. 1988).

Furthermore, in determining if the defendant has met his burden under Rule 11(d), a district court must consider whether (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant would be allowed to withdraw his plea. United States v. Cesal, 391 F.3d 1172, 1179 (11th Cir. 2004); United States v. Freixas, 332 F.3d 1314 (11th Cir. 2003); United States v. Najjar, 283 F.3d 1306 (11th Cir. 2002). Finally, a defendant who acknowledges guilt when the plea is entered does not have an absolute right to withdraw his plea, even if he maintains his innocence prior to the final imposition of sentence. United States v. Rogers, 848 F.2d 166 (11th Cir. 1988).

Applying these rules, this Honorable Court should deny Marshall's motion to withdraw his guilty plea. First, as Marshall's motion demonstrates, he had close assistance of counsel - Attorney Kevin Butler. Although Attorney Butler suggests he misadvised Marshall, that fact alone should not

control withdrawal of a guilty plea. Nowhere in Marshall's motion does he suggest that he failed to understand the maximum penalties for his crimes. Based upon information and belief, the undersigned expects that Attorney Butler advised Marshall that the Guidelines are now advisory and that any sentence imposed by the sentencing court would be a "reasonable sentence" capped by any statutory maximum penalties. This fact belies Marshall's argument that he anticipated a particular sentence. Although Attorney Butler undoubtedly did his best to estimate a possible sentence, Marshall was fully aware of the maximum penalties allowed by law.[1]

Second, Marshall fails to suggest that his plea was less than knowing and voluntary. In fact, during the plea proceeding before Judge Capel, the court specifically found Marshall's plea to be a "knowing and voluntary" plea. Third, withdrawal of Marshall's plea will not conserve judicial resources. In reality, considerable judicial resources have already been expended adjudicating Marshall's unsuccessful motion to suppress evidence. And, judicial resources were expended when the court took Marshall's plea and advised him of all implications of a guilty plea. Judicial resources will not now be conserved by allowing him to withdraw his plea because of a misunderstanding of the sentencing guidelines.

Finally, should Marshall successfully withdraw his plea, the United States will presumably need to prepare for the trial of this matter for the April 23, 2007 trial term. The United States has already expended considerable resources overcoming Marshall's unsuccessful motion to suppress evidence. Adjudicating Marshall's suppression motion required state and federal law enforcement officers to spend valuable time and energy away from their departments and respective duties. Now,

---

[1] Marshall was arraigned on October 26, 2006, by United States Magistrate Judge Vanzetta Penn McPherson. At arraignment, Marshall was advised of the maximum penalties for the crimes charged in the Indictment.

the United States will again be forced to prepare these individuals for trial, removing them again from their important law enforcement duties. Ultimately, the United States and law enforcement are forced to bear the burden of Marshall's mistaken understanding of the Guidelines. The United States should not be forced to shoulder the burden of that mistake. Indeed, Marshall has already admitted under oath to possessing marijuana with the intent to distribute, and protecting that distribution crime with a firearm. Marshall should now be held accountable for his actions.

For the reasons stated above, the defendant's motion should be DENIED.

Respectfully submitted this 15th day of March, 2007.

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Verne H. Speirs
    VERNE H. SPEIRS
    Assistant United States Attorney
    1 Court Square, Suite 201
    Montgomery, Alabama 36104
    (334) 223-7280
    (334) 223-7135 Fax
    verne.speirs@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v. )<br>)<br>JELA SHERMARKIE MARSHALL ) | CR. NO. 03:06cr222-WKW |

CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Kevin Butler.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Verne H. Speirs
    VERNE H. SPEIRS
    Assistant United States Attorney
    1 Court Square, Suite 201
    Montgomery, Alabama 36104
    (334) 223-7280
    (334) 223-7135 Fax
    verne.speirs@usdoj.gov